The issue in this case is whether the district court erred in proposing an ACC sentence of a mandatory minimum of 15 years on Mr. Edwards when the court said it otherwise would have proposed a sentence of 57 months. What I'd like to discuss here are the Massachusetts unarmed robbery conviction and the Massachusetts armed assault with intent to murder convictions. And I'd like to rest on the briefs for the assault with a dangerous weapon and the Almendarez-Torres issues. There's a Supreme Court guidelines and First Circuit guidelines for analyzing ACCA predicates that are critical to deciding this case. First, the Supreme Court in Malthus said that application of the ACC involves and involves only determination of the elements. Elements, it said, are what a jury must find beyond a reasonable doubt or what a defendant necessarily admits to at a plea hearing. It emphasized that sixth amendment concerns required that a court do no more than determine what crime with what elements the defendant was convicted of. Accordingly, if there's any ambiguity in this determination, a defendant can be subjected to the sentencing enhancement. The provision of ACCA relevant here likewise requires sole focus on the elements. It's known as the elements of force clause and says that a court must determine whether a prior conviction has as an element the use, attempted use, or threatened use of physical force against the person or another. A second guideline is that force under the ACCA means violent force, that is force capable of causing pain or physical injury. Third, in assessing whether the requisite force element has been met, the court must consider the most innocent or perhaps another way to say it, least culpable or least forceful conduct for which there can be a conviction. What kind of force is not violent? Well, for example, a touching is not violent. That's not force. Well, we have to look at... At least to my view, it's not force. Well, one of the things is that the court has to look at state court constructions of state law. In state law, occasionally in the statutes, there will be a term like force and it will be interpreted in a certain way so that if that force is not force that's capable of causing pain or physical injury, then it wouldn't count as violent force. Well, if you snatch something from somebody's hand, that normally doesn't cause pain or injury, but it's still force. I'm sorry, I didn't get the first. If you snatch something from somebody's hand, for example, that doesn't cause pain or injury, but it's still force in my mind anyway. But it's not force under the ACCA. That has to be violent force. Well, that seems violent to me. I'm trying to verbalize what I'm doing with my hand, but you see what I'm doing, right? Yes, but in the unarmed robbery context, Massachusetts has found that there was sufficient evidence for a conviction where there was a purse snatching, there was no touching of the victim at all, the victim was not aware of any impending snatching, and the victim had no fear. And I would argue that that does not rise to the level of violent force required under Johnson. Well, isn't Judge Toye correct that you can snatch a purse without causing pain or injury? And so it's precisely for that reason, since the Supreme Court has defined the requisite force here as force that causes pain or injury, or capable of causing pain or injury, then you don't have that type of force here. Yes, you don't. How do you deal with, let's assume you've got an argument on the unarmed robbery, how do you deal with the unarmed assault and intent to murder charge? Because if I understand it correctly, if that is a crime of violence, then it doesn't help you then that the robbery may not be? Well, for the armed assault or intent to murder, there is any requirement that the weapon be used. There is the possibility of an attempted touching, and assault can be an attempted touching. This court in White v. Lynch said that it's possible for a person to intentionally cause grievous bodily injury without the use of violent force. But the example given in White v. Lynch of telling someone to back out, that wouldn't qualify here because here under this statute you have to possess the weapon. Well, I think... And you didn't do this. Well, for example, there could be someone attempting to remove an oxygen mask from an unconscious patient who needed it to breathe. They could have had a knife in their pocket in case they thought they had to cut the tube. And that would be an attempted touching with intent to murder. There could be all kinds of attempts to withdraw medical treatment, like an attempt to shut off a valve in an intravenous vein. And poisoning is another example, or attempted poisoning could amount to no more than attempted touching. Wouldn't putting a plastic bag over a person's head be a violent crime? Well, there isn't any... I don't believe that in the example of simply taking, withdrawing an oxygen mask, that it's the same as applying the pressure with a plastic bag over somebody's mouth. For the... getting back to the unarmed robbery, the Massachusetts courts have said that there's a single force clause, by force and violence or by assault and putting in fear. The by force and violence clause is called action. The by assault and putting in fear is called constructive force. And the SJC has said that where there is actual force, there need be no constructive force. And so in the Brown case, the court found the evidence sufficient where there was no touching of the victim, no prior awareness of an impending snatching, and no fear. And we submit that there was insufficient force required by the statute to qualify under Johnson. I'm still on the back of the armed robbery. I believe one of the elements of this type of defense is to assault another with intent to cause death. Yes. How would you identify a use of force in that scenario with an intent to cause death that would not rise to the level of being the type of force that could cause injury? Well, the simple touching of the person's face and removing the face mask, if it's designed, if the force, although on the spectrum of wattage, may be low, if it's done in circumstances where it's likely to cause death or injury, then it doesn't meet the standard of violent force. Even though that same amount of wattage in another situation would not. Well, this court has rejected the notion that indirect force counts as force in White v. Lynch. And I submit there's no difference between the beckoning a car out of a driveway knowing that another car is coming and will collide with that car and the case of removing an oxygen mask. And then how do you get around Castleman, which really wasn't an argument pressed by the government in White? Castleman clearly says that the force that it is interpreting in that case is far broader than the force under the ACC. Thank you. Good morning, Mr. Quillivan. Good morning, Judge Turan. May it please the court. Mark Quillivan on behalf of the United States. I might begin with the armed assault with the intent to murder conviction because I think that is a straightforward case in which the application of the force clause is present. That crime in Massachusetts requires as elements that the defendant be armed, that they commit an assault upon the victim with the specific intent to murder that victim. And the possibility that the defendant suggests is that that could be not a harmful battery under Massachusetts law, which is a touching with such force that bodily harm is likely to result, but an offensive battery. And yet an offensive battery under Massachusetts law only is offensive by me because the lack of the defendant's consent and what the SJC has said is that it's the affront to the victim's personal dignity that makes the touching offensive. In our view, there's no conceivable situation in which a defendant can assault a victim with the specific intent to murder them, and that involves what under Massachusetts law is deemed an offensive touching. And I think it's important to note one additional principle in the use of the categorical approach because the Supreme Court has said that in considering whether the universe of crimes, that you have to point to a realistic probability, not just a theoretical possibility, that a crime might, or that a particular set of circumstances might involve that crime. There are no cases of which we are aware in which a defendant has been convicted of armed assault with the intent to murder where it has involved an offensive battery, nor has the defendant pointed to any. So we think that that crime is a straightforward case of a violent felony under the force clause of the ACCA, and this court therefore doesn't need to reach the question of whether unarmed robbery also qualifies. So you're saying that we don't look at how the attempt is administered, that our approach should simply be on the goal of the crime? That's our reading of Castleman, and I will note that my friend has noted that Castleman did make the distinction between the misdemeanor crime of domestic violence, that that crime can encompass both harmful batteries or the kind of offensive batteries that are at issue here. But the relevant language that we were pointing to in our 28J letter talks about the means in which the force is administered, and there's no comparable distinction that the Supreme Court made in terms of the means in which the force is administered. And that's why both the Second Circuit in Hill and the Eleventh Circuit in the unpublished decision have extended that reasoning of Castleman into either a different provision of 924 or, in the case of the Eleventh Circuit, to the career offender guideline. And I would point out, I think that, again, to suggest that administering a poison pill to somebody or spraying them in the face with a lethal spray is an offensive battery, meaning that it's only offensive because of the affront to the victim's dignity, that simply is not what an offensive battery means under Massachusetts law. And I make one additional point on this, which is that in the Martinez case, this court found that simple assault under Massachusetts law was overbroad because it could encompass an offensive battery. This court noted that there was some language in decisions of the SJC suggesting that simple assault could only be a harmful battery, but it pointed to other language where this court said offensive batteries might be encompassed in the simple assault context. I suppose the potential gap that I'm not sure the brief addresses is the force requirement that we're applying is a force that is capable of causing pain or injury. That's right. The statute here requires that the person possess an armed weapon and that they have committed an assault with an intent to murder. That's right. There could potentially be a gap where the person intends to murder, but the force they use is, in fact, not capable of doing the job. Well, it would have to be an attempted or threatened. Obviously, you're right. It's not a completed battery. But the classic offensive battery case is a spitting. And so you would have to hypothesize a situation in which somebody, while armed, spin at somebody and missed. Intending to murder them. Intending to murder them. I don't think that that is exactly the kind of, I think, hypothesized situation, which the Supreme Court in Duenas-Alvarez said you don't use in applying the categorical approach. You have to look to the cases to see is there a realistic possibility that the hypothesized conduct would actually be prosecuted and a defendant convicted of. Again, the defendant hasn't challenged his drug conviction as a qualifying ACCA predicate, and his ADW conviction plainly qualifies under this court's decision in Wendleton and subsequent cases. So this court need only decide armed assault with the intent to murder. Briefly on unarmed robbery, we think that the SJC's decision in Jones and this court's decision in Luna on armed robbery in Massachusetts compel the conclusion that that crime qualifies as well. I thought you basically took the position that Luna is not controlling here. Well, I think because it's a Rhode Island statute. Not Luna. We took the position that the district court had relied on this court's decision in Schofield, which is the Rhode Island statute. But we agree that that's not controlling. It involves a different state statute. At most, it's persuasive authority. Luna dealt with this court. I mean, Massachusetts armed robbery. And similar to armed assault with the intent to murder, armed robbery in Massachusetts does not require that the defendant either display or use the weapon. That distinguishes it from assault and battery with a dangerous weapon or assault with a dangerous weapon where the weapon has to be employed. And therefore, I think the analysis under the force clause applies equally to unarmed robbery and armed robbery. This court said in Luna that armed robbery qualified under the force clause. And I think that's consistent with how the SJC has interpreted unarmed robbery in Jones. Amongst other things, the court pointed out in that case that in every case, there must be a causal connection between the violence and intimidation used in the crime and the separation of the property from the victim. Having been around Jones then, which seems to allow precisely what Judge Torralia was describing, purse snatching with no force that's going to be capable of causing injury. That's right. And in that sense, I would distinguish what the court there was saying. It need not be actual force. It's accompanied by the threat of force. That's why the SJC adopted the minority view amongst state courts and said there doesn't need to be anything more. Other jurisdictions have held that there either must be some resistance by the victim or that the property must be physically taken from the person. But given the absence of that as an element in Massachusetts, how would we find that it requires violent force? Because it would be the threat of force. But the person doesn't even need to know. The person could be walking along and then have someone come up and have their purse. And I think the SJC refers to just being surprised or dazed at the moment it happens. That's right. So there's no threat. It is. I respectfully disagree. I think what the SJC and Jones were saying, it's an inherent threat that the perpetrator will respond with violent force to any possible resistance by the victim. And that's why they were adopting the minority view. Thank you. Thank you.